Defendant Waterbury Hospital asks the Court to consider whether plaintiffs claim of unintentional infliction of emotional harm due to "exposure" to the AIDS virus is legally sufficient to survive a motion to strike. The facts as pled allege that the plaintiff, a patient in the defendant's hospital, was being turned over in her bed by hospital staff when she was stuck by an "unprotected needle" that either had been left in the bed or in the hospital linens. The plaintiff claims to have developed a CT Page 12066 fear of contracting AIDS as a result of this incident.
In its review of a motion to strike, the trial court
 "[m]ust take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore, 226 Conn. 773, 780, 629 A.2d 357 (1993); Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738
(1988); Waters v. Autuori, 236 Conn. 820. 822, 676 A.2d 357
(1996)." (Internal quotation marks omitted.) Parsons v. United Technologies Corp. , 243 Conn. 66, 68, 700 A.2d 655
(1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra, 580.
Peter-Michael v. Sea Shell Associates, 244 Conn. 269, 270-71,709 A.2d 558 (1998).
Defendant urges the Court to follow the recent Supreme Court decision in Barrett v. Danbury Hospital, 232 Conn. 242,654 A.2d 748 (1995), in which the trial court granted a motion for summary judgment in a matter factually similar to the instant case. TheBarrett plaintiffs, a husband and wife, filed their complaint for unintentional infliction of emotional distress based on their fear of contracting the AIDS virus after the plaintiff husband was directed by hospital staff to sit in a pool of stranger's blood on a stretcher, during the course of his rectal exam. In that case as in this one, there was no claim that the plaintiff suffered "actual exposure" to the disease.
Indeed in its review of the summary judgment entered by the trial court, the Barrett court refused to adopt an "actual exposure" test, which would have required the plaintiffs to prove actual exposure to a disease-causing agent in order to maintain their cause action. Instead, what convinced the Barrett court to affirm judgment against the plaintiffs was the fact that they failed to show any contact with a stranger's blood the manner that they claimed caused their fear, i.e., introduction of a stranger's blood into the plaintiff husband's rectum. Barrett,232 Conn. 262.
Significantly, the Barrett court reviewed facts outside ofthe complaint, in the form of affidavits supporting the defendant hospital's motion for summary judgment. That is not the standard CT Page 12067 of review permitted this Court on a motion to strike. This Court may look only to the facts alleged in the Complaint to determine whether as pled they support a cause of action.
Plaintiff alleges that her fear arises from being stuck with an unprotected needle in a hospital bed, clearly demonstrating contact between the needle and her blood. After Montinieri v.Southern New England Telephone Co., 175 Conn. 337, 398 .9., 2d 1180 (1978), a cause of action for unintentionally caused emotional distress "[d]oes not depend on proof of either an ensuing physical injury or a risk of harm from physical contact. . ." but must include conduct by the defendant "[t]hat involved an unreasonable risk of causing emotional distress. . ."] 75 Conn. 345.
In Barrett, the plaintiffs could not overcome a motion for summary judgment because their proof failed to demonstrate that the defendant hospital's conduct involved an unreasonable risk or causing the complained of distress. Such level of proof is not required to survive a motion to strike; however, under the relevant standard of review. It is this Court's opinion that the facts alleged in Plaintiffs Complaint do indeed satisfy theMontinieri test by demonstrating conduct that involved an unreasonable risk of causing emotional distress.
Defendant's Motion to Strike is denied.
PELLEGRINO, J.